**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DIANE MAYO,** | : | No. 3:25cv1797 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Chief Magistrate Judge Bloom)** |
| **BRIAN M. SZUMSKI, in his personal** | : | |
| **and official capacity; INDIVIDUALS** | : | |
| **OF THE LUZERNE COUNTY COURT,** | : | |
| **Defendants** | : | |

## ORDER

Before the court is a Report and Recommendation ("R&R") from Chief

Magistrate Judge Daryl F. Bloom, recommending that Plaintiff Diane Mayo's *pro*

*se* complaint be dismissed and her motion for temporary restraining order

("TRO") be denied based on multiple fatal deficiencies. (Doc. 11).

Plaintiff brings this action against Brian Szumski, Luzerne County Sheriff,

as well as "Individuals of the Luzerne County Court," challenging their authority to

foreclose on her property. (Doc. 1, Compl. at pp. 17, 29, 41).

Mayo's fifty-page complaint is not a model of clarity. In short, it advances

no comprehensible claims.  Instead, the language and concepts plaintiff invokes

are characteristic of the so-called sovereign citizen movement.[1] (See id. at pp. 2,

---

[1] For instance, Mayo alleges that: "[t]he living-woman, leaena-lucis, is under constructive custody and unlawful restraint by Respondents through threatened ouster and forced dispossession of her domicile via foreclosure proceedings and sheriff's sale, styled under the

29, 30).  Courts within this circuit routinely dismiss sovereign citizen theories as frivolous.[2]  Additionally, the complaint relies on inapposite authorities, including the Blackstone's Commentaries and the Magna Carta. (Id. at pp. 3, 4).

Defendant Szumski has moved to dismiss the complaint as frivolous, contending that it fails to state a claim.  Szumski further argues that any challenge to the property foreclosure is barred by the Rooker-Feldman doctrine.[3] (Doc. 4).

The R&R concludes that any claims arising from the state court foreclosure proceedings are barred by the Rooker-Feldman doctrine. (Doc. 11 at 6).  The R&R further explains that, to the extent Mayo challenges the state court's jurisdiction to adjudicate the foreclosure action, such challenge is unavailing

---

legal fiction 'DIANE MAYO.' Such constructive custody deprives her of her safest refuge. . . and restrains her liberty [.]" (Doc. 1, Compl. at p. 30).

[2] See generally Ewans v. New Jersey, No. 25-1368, 2025 WL 2630569, at *1–2 (3d Cir. Sept. 12, 2025); El v. Moore, No. 23-3255, 2024 WL 4299030, at *1 (3d Cir. Sept. 26, 2024); Smithson v. York Cnty. Ct. of Common Pleas, No. 1:15-CV-01794, 2016 WL 4521854, at *4 (M.D. Pa. Aug. 3, 2016), report and recommendation adopted, No. 1:15-CV-01794, 2016 WL 4523985 (M.D. Pa. Aug. 29, 2016); Smith v. Homestead Police Dep't, No. CV 22-1585, 2024 WL 1256300, at *4–6 (W.D. Pa. Mar. 25, 2024); Blinke v. Sweeney, No. 1:23-CV-01259-YK, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), report and recommendation adopted, No. 1:23-CV-01259, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023); Geiger v. Conroy, No. CV 22-2458, 2023 WL 2577233, at *7 n. 15  (E.D. Pa. Mar. 20, 2023).

[3] The Rooker-Feldman doctrine "essentially prohibits federal courts, save the Supreme Court, from reviewing final state court judgments." In re Whittaker Clark & Daniels Inc, 152 F.4th 432, 445 n. 7 (3d Cir. 2025); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (clarifying that the Rooker-Feldman doctrine bars review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.").

because Pennsylvania state courts possess general jurisdiction over actions within the Commonwealth, subject only to exceptions inapplicable here. (Id. at 7).

With respect to Mayo's motion for a TRO seeking to enjoin the sheriff's sale of her property, the R&R concludes that the Anti-Injunction Act, 28 U.S.C. § 2283, bars such relief. (Id. at 8).  Specifically, Chief Magistrate Judge Bloom notes that the Act prohibits federal courts from interfering with state court proceedings absent three exceptions, none of which apply in this case. (Id.)  The R&R further concludes that, even if the Anti-Injunction Act did not apply, plaintiff has failed to satisfy the substantive requirements for preliminary injunctive relief. (Id. at 9).

The R&R was issued on February 13, 2026.  Parties have 14 days to file objections to an R&R after being served with a copy of the recommended disposition. FED R. CIV. P. 72(b)(2); M.D. PA. L.R. 72.3.  No objections to the R&R have been filed and the time for such filing has passed.  Mayo has not requested an extension.  Thus, the R&R is ready for review.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the

recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After careful review, the court finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations. The court further concludes that amendment would be futile as Mayo's claims are materially flawed. Accordingly, the court will accept the R&R and adopt it in its entirety.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 11), is **ADOPTED** in its entirety;

2) Mayo's *pro se* complaint, (Doc. 1), is **DISMISSED** with prejudice;

3) Mayo's motion for a TRO, (Doc. 6), is **DENIED**; and

4) The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

Date: 3/18/26

**JUDGE JULIA K. MUNLEY**
**United States District Court**

4